UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
INTERNATIONAL ASSOCIATION OF HEAT
and FROST INSULATORS and ALLIED
WORKERS LOCAL UNION NO. 12A and
TRUSTEES OF LOCAL 12A HEALTH AND
ANNUITY FUNDS,

                                     Plaintiffs,

      -against-

BOYLE SERVICES,

                                     Defendant.
-----------------------------------------------------------------X

CIVIL ACTION NUMBER

**COMPLAINT**

Plaintiffs, INTERNATIONAL ASSOCIATION OF HEAT and FROST INSULATORS and ALLIED WORKERS LOCAL UNION NO. 12A (the "UNION" or "LOCAL 12A") and the TRUSTEES OF LOCAL 12A HEALTH AND ANNUITY FUNDS (the "FUNDS") by their attorneys, KOEHLER & ISAACS, LLP, as and for their Complaint, respectfully allege as follows:

**NATURE OF THE ACTION AND JURISDICTION**

1. The FUNDS and UNION bring this civil action, *inter alia*, pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Securities Act, 29 U.S.C. §§ 1132(a)(3),1145 ("ERISA"), as amended, and section 301 of the Labor-Management Relations Act (the "Taft-Hartley Act") for injunctive and other equitable relief and for breach of contract to secure defendant's performance of specific statutory and contractual obligations to produce all necessary and relevant information required to complete an audit of defendant's books and records and pay and/or submit the required monetary contributions, union dues and/or reports to the UNION and FUNDS. This complaint alleges that, by failing to submit all relevant and

necessary books and records for inspection to the plaintiffs for the purposes of completing audits, defendant BOYLE SERVICES ("Defendant") violated the respective collective bargaining agreement, trust agreements and/or ERISA.

2. Jurisdiction of this Court is invoked under the following statutes:

   a. Section 502(e)(1) and (f) of ERISA (29 U.S.C. §§ 1132(e)(1) and (f));

   b. Section 502(g)(2)(e) of ERISA (29 U.S.C. § 502(g)(2)(e));

   c. Section 301 of the Taft-Hartley Act (29 U.S.C. § 185);

   d. 28 U.S.C. § 1331 (federal question);

   e. 28 U.S.C. § 1337 (civil actions arising under an Act of Congress regulating commerce); and

   f. principles of pendent jurisdiction.

3. Venue properly lies in the Southern District of New York under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2)

4. Pursuant to section 502(e)(2) of ERISA, service of process may be made in any district in which a party may be found. 29 U.S.C. § 1132(e)(2).

## PARTIES

5. Plaintiff, UNION, was and is a labor organization under section 301 of the Taft-Hartley Act. 29 U.S.C. § 185.

6. Plaintiff, FUNDS, are, at all relevant times, fiduciaries under section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), of employee welfare benefit plans and employee pension benefit plans as defined in ERISA sections 3(1) and (2), 29 U.S.C. §§ 1002(1) and (2), established and maintained jointly by employers and by a labor organization representing employees in an industry affecting commerce, and, further, qualify as multi-employer plans within the meaning of section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), with its principal offices located c/o Daniel H. Cook Associates, Third Party Fund Administrator, 235 W. 35th Street, 12th Floor, New York, New York 10001.

7. Under section 502(d) of ERISA, the FUNDS are authorized to maintain suit as independent legal entities. 29 U.S.C. § 1132(d)(1). The FUNDS' purpose is to provide various fringe benefits to eligible employees on whose behalf a defendant-employer contributes to the FUNDS pursuant to the collective bargaining agreement ("CBA" or "Agreement") between the UNION and the employer.

8. Upon information and belief, defendant is and was, at all relevant times, a for-profit New York corporation doing business pursuant to the laws of the State of New York with its principal offices located at 114 Railroad Street, Huntington Station, N.Y. 11746.

9. Defendant is and was, at all relevant times, engaged in an industry affecting commerce and is an "employer" within the meanings of sections 3(5) and 515 of ERISA. 29 U.S.C. §§ 1002(5) and 1145. Defendant is and was an employer engaged in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act. 29 U.S.C. § 185.

10. Further, upon information and belief, defendant executed a CBA with the UNION wherein, *inter alia*, defendant became obligated to pay and/or submit the required monetary contributions and/or reports to the FUNDS and remit union dues checkoffs deducted from the

wages paid employees who authorize said deductions in writing to the UNION for all work performed by defendant's employees within the trade and geographical jurisdictions of the UNION. Defendant also became obligated to submit its books and records for inspection and audit for the purposes of allowing the plaintiffs to determine whether or not defendant met its payment obligations under the CBA in full.

### AS AND FOR A FIRST CLAIM FOR RELIEF

(PLAINTIFFS' CLAIM TO COMPEL AN AUDIT)

11. Plaintiff FUNDS repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 10 of this Complaint with the same force and effect as though the same were set forth at length herein.

12. At all relevant times, upon information and belief, defendant was in a collective bargaining relationship with LOCAL 12A and is therefore bound by the terms and conditions of the applicable CBAs and trust indentures entered into between the parties.

13. Upon information and belief, defendant's employees, who are and/or were participants in the FUNDS, performed work governed by the collective bargaining agreement on behalf of defendant. As a result, defendant was obligated to remit union dues checkoffs to the UNION and make fringe benefit contribution payments to the FUNDS on behalf of these employees.

14. The applicable CBAs and trust indentures require, *inter alia*, that an employer submit its books and records for inspection and audit in order to confirm that defendant's payments owed under the CBA to LOCAL 12A and the FUNDS are paid in full.

15. This obligation requires defendant to produce, without limitation, all documents relevant to a proper inspection and auditing including contributions reports, all payroll books

and records, W-2 forms, New York State Employment Reports, insurance company reports and supporting checks, ledgers, general ledger, cash disbursement, ledger, vouchers, 1099 forms, evidence of unemployment insurance contributions, payroll tax deductions, disability insurance premiums, certification of workers' compensation coverage, and all other items concerning payroll.

16. This obligation also applies and continues to apply to any of defendant's affiliates, subsidiaries, alter egos, joint ventures, successors or related companies.

17. Although defendant was obligated to submit its books and records for inspection and audit to confirm whether defendant's payments owed to plaintiffs under the CBA were paid in full for a period commencing January 1, 2008, defendant failed to submit all relevant and necessary documentation to conduct a proper and complete audit.

18. Although defendant was provided proper and timely notice of plaintiffs' intent to conduct an audit, defendant failed to produce a complete set of records, including, but not limited to payroll and payroll tax records, receipts and disbursements journals, and a general ledger.

19. Plaintiffs, on multiple occasions through both their auditors and attorneys, demanded defendant comply with its contractual obligation to submit to a proper and complete audit and produce all relevant information necessary to conduct this audit and determine whether monies are owed to the plaintiffs. To date, however, defendant has refused and failed to do so.

20. Accordingly, pursuant to ERISA Section 502(g)(2)(e), plaintiffs seek an order from this court compelling defendants to submit it books and records so plaintiffs' auditors may conduct a proper and complete review.

21. In addition, in accordance with the terms of the CBA, defendant's failure to produce its books and records for a proper audit subjects it to a penalty of $400.00 and defendant

is also obligated to pay the reasonable costs and attorney's fees incurred in bringing this action.

## AS AND FOR A SECOND CLAIM FOR RELIEF

(FUNDS' CLAIM FOR BREACH OF CONTRACT
BY DEFENDANT)

22. Plaintiff FUNDS repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 21 of this Complaint with the same force and effect as though the same were set forth at length herein.

23. At all relevant times, upon information and belief, defendant was in a collective bargaining relationship with LOCAL 12A and is therefore bound by the terms and conditions of the applicable CBAs and trust indentures entered into between the parties.

24. The applicable CBAs and trust indentures require, *inter alia*, that an employer submit its books and records for inspection and audit to the FUNDS' Auditors, Accountants, or other representatives of the FUNDS in order to confirm that fringe benefit contributions and union dues owed to LOCAL 12A and the FUNDS are paid in full.

25. Upon information and belief, defendant's employees, who are and/or were participants in the FUNDS, performed work governed by the collective bargaining agreement on behalf of defendant for the period commencing January 1, 2008. As a result, defendant was obligated to make fringe benefit contributions to the FUNDS on behalf of these employees.

26. An audit of defendant's books and records may reveal that defendant owes the FUNDS additional fringe benefit contributions for the period commencing January 1, 2008.

27. Accordingly, defendant is liable to the FUNDS as and for fringe benefit contributions in the audited amount for the period commencing January 1, 2008.

28. Defendant's failure, refusal and neglect to make payment of the fringe benefit contributions due to the FUNDS constitute a violation of the CBA between defendant and the

UNION, to which FUNDS are third-party beneficiaries.

29. In addition, defendant is liable to the FUNDS for interest on the unpaid and/or untimely paid principal, together with liquidated damages, attorneys' fees, costs and disbursements incurred in this action.

### AS AND FOR A THIRD CLAIM FOR RELIEF

(FUNDS' CLAIM FOR BREACH OF ERISA OBLIGATIONS
BY DEFENDANT)

30. Plaintiff FUNDS repeat and reallege each and every allegation contained in paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. Section 515 of ERISA requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the CBA. 29 U.S.C. § 1145.

32. Upon information and belief, at all times material hereto, defendants failed to pay or timely pay and/or submit the required monetary contributions and/or reports to the FUNDS. Such failure constitutes a violation of §§ 515 of ERISA. 29 U.S.C. § 1145.

33. Section 502 of ERISA provides that, upon finding an employer violated section 515 of ERISA, 29 U.S.C. § 1145, a court shall award a plaintiff-fund the unpaid fringe benefit contributions, statutory liquidated damages, interest on the unpaid and/or untimely paid principal, computed at the rate provided for under the plaintiff-fund's plan or, if none, as set forth in the United States Internal Revenue Code, 26 U.S.C. § 6621, reasonable attorneys' fees, costs and disbursements incurred in the action. 29 U.S.C. § 1132.

34. Pursuant to section 502 of ERISA, defendant is liable to the FUNDS for the payment and/or submission of the required monetary contributions and/or reports and is liable for additional statutory liquidated damages, reasonable attorneys' fees, interest on the unpaid

and/or untimely paid principal, costs and disbursements incurred in this action. 29 U.S.C. § 1132.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

### (PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF AGAINST DEFENDANT)

35. The FUNDS and LOCAL 12A repeat and reallege each and every allegation contained in paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36. Pursuant to the provisions of both ERISA and the Agreement, defendant is required to timely pay and/or submit fringe benefit contributions, union dues deductions and/or reports to the plaintiffs for so long as defendant remains obligated to do so pursuant to the Agreement.

37. Upon information and belief, defendant has failed to timely pay and/or submit fringe benefit contributions and union dues to the plaintiffs for the period commencing January 1, 2008 and is currently in breach of its statutory obligations under ERISA and contractual obligations under the CBA. Defendant's prior conduct demonstrates a significant likelihood that it will continue to breach its aforementioned obligations.

38. The plaintiffs have no adequate remedy at law to ensure that defendant will adhere to its statutory and contractual obligations.

39. The plaintiffs will suffer immediate and irreparable injury unless defendant's officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions, dues and/or reports to the plaintiffs for so long as defendant remains obligated to do so pursuant to the Agreement.

40.    Accordingly, the plaintiffs request this Court issue an injunction permanently enjoining defendant's officers, agents, servants, employees and all persons in active concert or participation with them, who receive notice of the order by personal service or otherwise, from violating ERISA and the Agreement by failing, refusing or neglecting to pay and/or submit the required contributions, dues and/or reports to the plaintiffs.

## AS AND FOR A FIFTH CLAIM FOR RELIEF

(FUNDS' CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO ERISA AGAINST DEFENDANT)

41.    The FUNDS repeat and reallege each and every allegation contained in paragraphs 1 through 40 of this Complaint, as if fully set forth herein.

42.    Pursuant to the provisions of both ERISA and the Agreement, defendants is required to timely pay and/or submit fringe benefit contributions and/or reports to the FUNDS for so long as defendant remains obligated to do so pursuant to the Agreement.

43.    Upon information and belief, defendants has failed to timely pay and/or submit fringe benefit contributions to plaintiff FUNDS for the period commencing January 1, 2008 and is currently in breach of its statutory obligations under ERISA.

44.    Defendant's prior conduct demonstrates a significant likelihood that it will continue to breach the aforementioned statutory provisions.

45.    By the above described omissions and breaches of the Agreement by the defendants:

   a. The Trustees of the FUNDS may be required to deny the employee-
      beneficiaries of the FUNDS for whom required contributions have not been

    made, the benefits of the Plan, thereby causing such employee-beneficiary substantial and irreparable damages.

    b. The Trustees of the FUNDS have and may provide to employees of the defendant benefits provided by the Plans despite the failure of the defendants to make required contributions, thereby reducing the corpus of the FUNDS and endangering the rights of employee-beneficiaries of the Plans on whose behalf contributions are being made, all to their substantial and irreparable injury.

    c. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless the defendant is ordered to specifically perform all obligations on defendant's part required to be performed under the Agreement and is restrained from continuing to refuse to perform as required.

## AS AND FOR A SIXTH CLAIM FOR RELIEF

(UNION'S CLAIM FOR BREACH OF CONTRACT BY DEFENDANT PURSUANT TO LMRA)

46.     Plaintiff UNION repeats and realleges each and every allegation contained in paragraphs 1 through 45 of this Complaint, as if fully set forth herein.

47.     Pursuant to the CBA, defendant, *inter alia*, became obligated to deduct dues checkoffs from the wages paid to defendant's employees who perform work within the trade and geographical jurisdictions of the UNION who authorize such deduction in writing.

48.     Upon information and belief, defendant has failed and refused to remit dues deducted from employees to the Union during the period commencing January 1, 2008.

49. This failure, refusal and/or neglect to submit the deducted dues checkoffs within the contractual time frame constitutes a breach of the CBA between defendant and the UNION in violation of the LMRA.

50. The principal amount of union dues remittance owed to the UNION will be determined on the basis of a final audit of the Employer's payroll books and records.

51. In addition, defendant is liable to the UNION for interest on the unremitted dues, attorneys' fees, liquidated damages, costs and disbursements due on the untimely paid principal.

## REQUEST FOR RELIEF

**WHEREFORE**, plaintiffs pray:

1. That the defendant be specifically required to perform and continue to perform all obligations on defendant's part undertaken and particularly for an order requiring defendant to furnish to the Trustees of the FUNDS, the required contribution reports heretofore referred along with such payroll books and records necessary for the FUNDS to conduct a complete and proper audit for the period commencing January 1, 2008.

2. That the defendant be decreed to pay all costs attendant to any audit of defendant's payroll books and records; and

3. That the defendant be decreed to pay to the plaintiffs their reasonable attorney's fees incurred in this action relating to the audit, along with costs and disbursements thereto; and

4. That judgment be granted in favor of the plaintiffs for unpaid dues and benefit fund contributions found due and owing as a result of the audit, plus liquidated damages, interest and all costs of collection, including reasonable attorney fees, costs and disbursements in this action; and

5. For an Order enjoining defendant from violating and specifically requiring it to perform and continue to perform all obligations pursuant to the Agreement to make the required monthly contributions; and

6. That plaintiffs be granted such additional and further relief as this Court deems just and proper.

Dated: January 5, 2016
New York, New York

Respectfully Submitted,
KOEHLER & ISAACS LLP

By: *[signature]*
Cynthia Devasia (CD0320)
*Attorneys for Plaintiffs*
KOEHLER & ISAACS LLP
61 Broadway - 25th Floor
New York City, New York 10006
Tel: (917) 551-1300

TO: CLERK
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007